TOWNSEND v. VILLAGE OF FAYETTEVILLE.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1909.)

PLEADING (§ 340*)—LOST PLEADINGS—ORDER FOR SUBSTITUTION OF COMPLAINT.
    A proposed complaint for diversion of water, demanding injunction and damages, was ordered substituted for the original, claimed to be lost, after 15 or 16 years had elapsed, on a motion based on the affidavit of plaintiff's attorney, mostly on information and belief, the source of which was not stated, as to matters of which, if true, plaintiff had actual knowledge. *Held*, that as the only purpose to be served thereby would be to permit recovery of damages prior to the last 6 years, and there being no legitimate proof that any action ever was commenced, or any complaint served, or, if so, what the cause of action was, the attorney having no knowledge as to these things, the order should not have been made, but plaintiff should have been left to bring a new action, which would serve any other purpose, and, if there really was an old action pending, it could be discontinued.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1026–1032; Dec. Dig. § 340.*]

Appeal from Special Term, Onondaga County.

Action by Martha Townsend against the Village of Fayetteville. From an order substituting a proposed complaint for the original, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Clarence W. Austin, for appellant.
Hitchcock & Murphy, for respondent.

WILLIAMS, J. The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. The order provided that a proposed complaint be substituted for the original complaint in the action, and have the same force and effect as though it was originally served.

The proposed complaint charged a wrongful diversion of water from a stream, and demanded a permanent injunction restraining the further diversion, and that defendant pay the damages already suffered. This proposed complaint was verified by the plaintiff, but no affidavit was made by her on the motion. One of the attorneys made an affidavit, but gave no reason why an affidavit was not made by his client. Most of the statements were upon information and belief (no source thereof being stated), and were as to matters which, if true,

the plaintiff had actual knowledge of, viz., that in 1893 or 1894, 15 or 16 years before, plaintiff retained attorneys, who at her request ·commenced this action, by the service of a summons and complaint, to recover damages and procure an injunction; that the defendant retained lawyers, and they served an answer, and the case was placed upon the calendar of the court, and remained thereon for several terms; that plaintiff's attorneys separated, and moved away from Syracuse, and one died; that they abandoned the action without plaintiff's consent, and she was unable to bring it to trial; that deponent and his partner were retained by plaintiff in 1909 to prosecute the action, and procured order of substitution; that the papers in the case were claimed to be lost, and deponent believed they were lost; that the plaintiff was desirous of bringing the action to trial; and therefore the deponent (not the plaintiff) prayed for an order substituting the proposed complaint, etc. The notice of motion, with affidavits and proposed complaint, were served on persons claimed to have been defendant's attorneys in the action. Another lawyer opposed the motion, but no papers were read in behalf of the defendant.

The order should not have been made, after the action had been allowed to slumber for so many years. The only purpose to be served would be to permit damages to be recovered prior to the last six years. Any other purpose would be served by the commencement of a new action. There was no legitimate proof offered that there ever was any action commenced, or any complaint served, and, if so, what cause of action was set up in such original complaint. The attorney had no knowledge of any of these things. His client had knowledge of whatever the truth was, and in the absence of her affidavit, and after 15 or 16 years had elapsed,, the plaintiff should·have been left to bring an action anew. If there really was an old action pending, it could be discontinued.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.